UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:10-CR-118(02) |
| | ) | |
| KAYLA BUCHANAN | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the defendant′s motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 782 to the United States Sentencing Guidelines, which lowers by two levels the base offense level for many drug offenses and which was made retroactive on November 1, 2014. [Doc. 367]. The United States has filed a response arguing that the defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) because the defendant's guideline range was based upon her career offender classification, and Amendment 782 does not reduce the career offender guidelines, [Doc. 378]. Petitioner has filed a *pro se*[1] reply, [Doc. 380]. The government is correct and the motion will be DENIED.

**I.     Facts**

On November 22, 2010, the defendant, Kayla R. Buchanan, pled guilty to Count One of

---

[1] On November 7, 2014, the Court appointed Federal Defender Services ("FDS") to represent the defendant on this motion, [Doc. 369]. The Federal Defender has informally advised the Court that no supplemental motion will be filed in this case because the Federal Defender agrees with the government's position. FDS has not formally filed any pleading stating that position nor has a motion to withdraw as counsel been filed. Although the Court has serious concerns about FDS's procedure, it has nevertheless denied the motion because defendant has no arguable basis for relief under 18 U.S.C. § 3582(c).

1

an indictment charging her with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C §§ 846, 841 (a)(1) and (b)(1)(B). Based upon her prior felony drug trafficking convictions, the defendant was subject to a minimum mandatory term of imprisonment of 120 months. However, she was classified by the advisory sentencing guidelines as a "career offender," and her advisory guideline range for imprisonment was 262 to 327 months. The government filed a motion for a downward departure pursuant to USSG §5K1.1, recommending a three level reduction in the defendant's offense level. Based on an offense level 31 and a criminal history category VI, her advisory guideline range was reduced to 188 to 235 months. On November 16, 2011, the defendant was sentenced to 188 months of imprisonment to run concurrently with her state sentences in Washington County, Tennessee, and Carter County, Tennessee. [Doc. 243]. The defendant is currently scheduled for release from the custody of the Bureau of Prisons on June 7, 2024.

**II.     Discussion**

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because the defendant was determined to be a career offender under USSG §4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which she was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. See, e.g., *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir.2013) (Court held that previous amendments to drug quantity table did not apply to lower

sentence of career offender).

**III. Conclusion**

Accordingly, it is hereby **ORDERED** that the defendant's motion for reduction of her sentence [Doc. 367], is **DENIED.**

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE

3