UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KAYLA BUCHANAN, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | Nos. 2:10-CR-118<br>       2:14-CV-141 |

MEMORANDUM OPINION AND ORDER

Kayla R. Buchanan ("petitioner") has filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, Doc. 346. She also has filed an accompanying motion for an evidentiary hearing, [Doc. 349]. For the reasons discussed in this memorandum and order, both motions are DENIED.

**I.　Background**

Petitioner was charged in Count One of the indictment with conspiring with other defendants to distribute and to possess with the intent to distribute 28 or more grams of crack cocaine, and in 11 other counts with aiding and abetting the distribution of crack cocaine on various dates.[1] Attorney Robert Dickert of the Criminal Justice Act panel was appointed to represent petitioner.

The government filed an Information To Establish Prior Convictions pursuant to 28 U.S.C. §851 which recited that petitioner had two prior felony drug convictions.[2] Petitioner signed a plea agreement with the government[3] in which she agreed to plead guilty to Count One,

---

[1] Doc. 41
[2] Doc. 35
[3] Doc. 45

1

i.e., conspiring to distribute and to possess with the intent to distribute 28 or more grams of crack. In return, the government agreed to move that all other counts against petitioner be dismissed. The plea agreement explicitly noted that because of petitioner's prior felony drug convictions, the punishment she confronted was a mandatory minimum ten years of imprisonment up to a possibility of life, and at least eight years on supervised release.

Petitioner also agreed that she would file no direct appeal of her conviction or sentence except for a sentence that was above the greater of the guideline range or the mandatory minimum sentence. She also waived her right to file a motion under 28 U.S.C. §2255, except that she retained the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct not known to her at the time of entry of judgment.

For its part, the government agreed that it would not oppose a two-level reduction in her offense level for acceptance of responsibility, and an additional one-level reduction if her resulting offense level was 16 or greater.

Buchanan entered her guilty plea on April 4, 2011, and a presentence investigation report ("PSR") was ordered, [Doc. 51]. The PSR noted that criminal activity involving at least 28 grams of cocaine resulted in a base offense level of 26 under the United States Sentencing Guidelines ("USSG")[4] Because petitioner had two prior felony drug convictions, petitioner was classified as a career offender, which generated an offense level of 37.[5] After the three levels were subtracted for acceptance of responsibility, petitioner's adjusted offense level was 34.[6]

Based on petitioner's criminal history, the probation office calculated that petitioner had accumulated a total of eight criminal history points, which normally would have resulted in a

---

[4] PSR, ¶ 28
[5] PSR, ¶ 34
[6] PSR, ¶ 36

2

criminal history category of IV. However, because she was classified as a career offender, her criminal history category was enhanced to VI.[7]

Based on a total offense level of 34 and a criminal history category of VI, petitioner's guideline range was 262 to 327 months of imprisonment.[8] At the sentencing hearing on November 15, 2011, the assistant United States Attorney recommended a three-level reduction in petitioner's offense level pursuant to USSG §5K1.1 in return for petitioner's extensive cooperation, which reduced her advisory guideline range to 188 to 235 months.[9] The Court agreed, sentencing petitioner to 188 months. It further ordered that the sentence was to run concurrently with two state sentences petitioner was then serving.[10]

Petitioner appealed, arguing that her sentence was substantively unreasonable because that the district court relied on improper factors in assessing her sentence. The Court of Appeals disagreed, holding that petitioner failed to show that "the [District] Court based its decision on impermissible factors or gave unreasonable weight to any pertinent factor."[11]

On May 9, 2014, petitioner filed her motion under 28 U.S.C. § 2255.

### A. Petitioner's Claims

Petitioner contends her attorney was ineffective in the following ways:

1. By failing to challenge the validity of her prior convictions or the § 851 notice;

2. By failing to request a one or more level reduction in criminal history;

3. By failing to object to the Court's double counting of petitioner's prior convictions;

---

[7] PSR, ¶ 50
[8] PSR, ¶ 68
[9] Tr., Doc. 313, pp. 3 - 5
[10] Judgment, Doc. 245
[11] Op., Doc. 339

3

4. By failing to investigate petitioner's prior convictions to learn that one of those convictions did not qualify as a predicate offense that would support an enhanced sentence; and

5. By failing to give petitioner good advice regarding her guilty plea.

## II. Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29

4

F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims she was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, she must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, she must show that she was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the

5

> facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

### III. DISCUSSION OF PETITIONER'S CLAIMS

> ***Claim 1: failing to challenge the validity of her prior convictions or the §851 notice***
> ***Claim 2: failing to request a reduction in her criminal history***
> ***Claim 4: failing to investigate her prior convictions***

Claims 1, 2, and 4 will be discussed together since all of them are based on petitioner's argument that one of her prior convictions was not a felony conviction under Tennessee law and therefore could not serve as a predicate conviction for career offender status.

Under USSG §4B1.1, Petitioner was a career offender if (1) she was 18 years of age or older at the time she committed the offense to which she pled guilty; (2) that offense was a either a crime of violence or a felony controlled substance offense; and (3) she had been convicted of at least two other crimes of violence or controlled substance offenses. USSG §4B1.2(b) defines a "controlled substance offense" as an offense under federal or state law that prohibits the distribution (among other things) of a controlled substance and which is punishable by more than a year of imprisonment. Likewise, 21 U.S.C. §802(44) defines "felony drug offense" as an offense that is punishable by imprisonment for more than one year.

6

Petitioner had two convictions which triggered the provisions of USSG §4B1.1. The first was a 2003 conviction in Washington County, Tennessee for the sale of more than 0.5 grams of cocaine. She was sentenced to 8 years' imprisonment, suspended to probation. Her probation eventually was revoked (three times)[12]. The second was in 2007 in Carter County, Tennessee for the sale of *less* than 0.5 grams of cocaine which resulted in a sentence of 3 years' imprisonment, also suspended to probation (which also was revoked).[13]

It is the 2007 Carter County conviction which petitioner insists was not a felony and therefore could not serve as a predicate conviction for the purpose of classifying her as a career offender. She points out that Tennessee Code Annotated §39-17-417(a) makes it a crime to manufacture, deliver, sell, or possess with the intent to manufacture, deliver, or sell controlled substances. She then correctly states that subsection (c)(1) provides that a violation of subsection (a) is a Class B felony if the controlled substance is more than 0.5 grams of cocaine, whereas subsection (c)(2) provides that if the controlled substance involves less than 0.5 grams of cocaine, a violation of subsection (a) is a Class C felony. From the foregoing, petitioner somehow concludes that her 2007 conviction for the sale of less than 0.5 grams of cocaine was not a felony. The court cannot grasp her argument.

First, the statute under which petitioner was convicted explicitly provides that sale of less than 0.5 grams of cocaine is a felony. Whether Class C or Class B is irrelevant; it is still a felony as the statute plainly says. Second, Tennessee Code Annotated §40-35-111(b)(3) sets the punishment for a Class C felony at not less than 3 nor more than 15 years' imprisonment. Third, petitioner was sentenced to three years' imprisonment.

Petitioner cites a portion of a footnote from a Sixth Circuit Court of Appeals opinion to

---

[12] PSR, ¶44.
[13] PSR, ¶ 47.

7

support her argument that the sale of less than 0.5 grams of cocaine is not a felony under Tennessee law. Her supporting memorandum reads as follows:

In James v. United States, 217 F. Appx' 431, 440 n.3 (6th cir.2007) citing United States v. Morton, 17 F.3d. 911 (6th cir. 1994), the Morton court held "at the time defendant was being sentenced, the state of Tennessee did not consider trafficking less than ½ gram of cocaine a serious felony.[14]

The footnote in its entirety reads as follows:

In United States v. Morton, 17 F.3d 911, 915 (6th Cir.1994), this court held that the maximum sentence prescribed by law for a prior drug offense counted under § 924(e) is determined based on the sentencing laws of the relevant state at the time of the Armed Career Criminal sentencing—thus, in this case, 1995, rather than 1985. Under Tennessee's "comprehensive penal and sentencing reform legislation," which took effect in 1989, the difference between statutory minimum and maximum sentences is divided into "ranges" based on the offender's criminal record. Tenn.Code Ann. §§ 40–35–112, 40–35–101 Sentencing Comm'n Cmts. *The Morton court thus held, "At the time defendant was being sentenced in this case, the State of Tennessee did not consider trafficking less than .5 grams, when the defendant has no more than one prior felony conviction, serious enough to impose a ten-year sentence."* 17 F.3d at 915. In this case, by contrast, Petitioner already had more than one prior felony conviction in 1985; he was considered an "especially aggravated offender" based on his prior record and was sentenced to 14 years' incarceration for the two sales of Schedule II drugs, the sentences to run concurrently. "Especially aggravated offender" status triggers a "Range II" sentence under Tennessee's current system. Wallen v. State, 863 S.W.2d 34, 36 (Tenn.1993); State v. Cook, 816 S.W.2d 322, 323 (Tenn.1991). For a Class C felony, Range II is six to ten years. Tenn.Code Ann. § 40–35–112(b)(3). For a Class B felony (for sale of more than .5 grams), Range II is twelve to twenty years. Id. § 40–35–112(b)(2). Thus, under the rule in Morton, the maximum sentence prescribed by Tennessee law for sale of Schedule II drugs at the time of sentencing for Petitioner's current felon in possession offense was ten years or more.[15]

*Morton* involved a conviction for being a felon in possession of a firearm case. The defendant received an enhanced sentence under 18 U.S.C. §924(e)(1) because he had two prior convictions for "serious drug offenses." For purposes of sentencing under §924(e), a "serious drug offense" is an offense under state law that carries a punishment of ten years or more of imprisonment, 18 U.S.C. §924(e)(2)(A)(ii). The thrust of *Morton* is that in Tennessee a sale of ½ gram of cocaine was by that time a Class C felony which carried a three to fifteen year sentence, and therefore was not a "serious drug offense" under §924(e)(1) since it did not entail "ten years or more" of imprisonment. The *Morton* case is not on point, dealing as it does with terms and

---

[14] Petitioner's brief, doc.347, p. 12.
[15] 217 Fed. App'x. 431, 440, n.3 (6th.Cir. 2007), italics supplied.

definitions entirely different from those in petitioner's case. Similarly, the *James* opinion, which references *Morton* in the footnote, was a §924 case, and again involved terms and definitions far different from those applicable to petitioner. *Morton* and *James* have no bearing petitioner's classification as a career offender under USSG §4B1.1.

Petitioner's 2007 Carter County conviction clearly was a felony under USSG §4B1.1; Tennessee Code Annotated 39-17-417(c)(2)(A) says it is a felony, and the sentence imposed is consistent with it being such. That being so, her attorney was not ineffective for failing to object to the §851 notice, since the notice correctly recited that petitioner had two prior felony drug convictions. Nor was he ineffective for failing to object to the validity of the 2007 conviction, since it in fact was a valid predicate conviction for purposes of USSG §4B1.1. Similarly, if it be assumed that he was ineffective for failing to investigate petitioner's convictions, she suffered no prejudice since any investigation would have revealed nothing of any benefit to petitioner.

Petitioner claims that her attorney was ineffective for failing to request a one or more level reduction in her criminal history because the sale of ½ gram of cocaine is considered a "personal use" amount and therefore "not considered as trafficking a controlled substance."[16] The problem with that argument is that petitioner was convicted of *selling* ½ gram of cocaine, not merely possessing it, and Tennessee has legislatively declared that the sale of less than ½ gram of cocaine is a felony.

Petitioner faults her attorney for failing to request a downward variance when in fact this court noted during her sentencing hearing that her "criminal history would argue for a sentence above the guideline range, not below it."[17] Even if it be assumed that Attorney Dickert was ineffective for failing to request a downward variance, there was no prejudice. Had he requested

---

[16] Brief, Doc. 347, p. 13
[17] Tr., Doc.313, p.25.

9

a sentence below the guideline range, this court would have promptly denied that request.

### *Claim 3: failing to object to "double counting"*

Petitioner's next claims that her attorney was ineffective for failing to object to the court's double counting of her prior convictions. To state the obvious, if there was no double counting in determining her sentence under the Guidelines, attorney Dickert was not ineffective.

It is petitioner's contention that using her prior convictions to establish her base offense level and criminal history score amounted to impermissible double counting. It did not. The Sixth Circuit repeatedly has held that it is not impermissible to use a prior conviction to establish both an offense level and a criminal history score; *see, e.g., United States v. Sanbria-Bueno*, 549 Fed. App'x 434, 441, (6th Cir. 2013), and cases cited therein.

### *Claim 5: failing to properly advise petitioner before her plea of guilty*

Petitioner does not explicitly assert this as a claim in either her motion or brief; rather, it more or less appears in the body of her brief. Out of an abundance of caution, it will be addressed as if petitioner intended to raise it as a specific claim.

Petitioner apparently argues in this claim, if it be such, that attorney Dickert failed to explain to her the potential sentence she confronted if she pled guilty[18], that he led her to believe that the proffered plea agreement was a "take it or go to trial" proposition, and that she was unaware that the proposed agreement could have been negotiated.[19] She argues, in other words, that because of Dickert's failure to explain the possible sentence she could receive, her plea of guilty was unknowing.

As an initial matter, this is a bald allegation unsupported by any proof whatsoever, including an affidavit by petitioner herself. In any event, at her change of plea hearing, during

---

[18] Brief, Doc. 347, p.8
[19] *Id.*, p.4-5

10

which petitioner was under oath, she was told by the attorney for the government, *as well as by this court*, that she confronted an enhanced penalty because of her prior convictions. It was made abundantly clear to petitioner that because of her prior convictions, she confronted a mandatory minimum of ten years up to a possibility of life in prison. Petitioner responded that she understood.[20] "[I]t is well settled that a defense attorney's inaccurate calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea." *United States v. Hicks*, 4. F.3d 1358, 1363 (6th Cir. 1993). This is so because the defendant suffers no prejudice when, after a properly conducted plea colloquy with the district court where she is advised of the maximum sentence that can be imposed, the defendant pleads guilty with the knowledge that her attorney's advice may be inaccurate. If erroneous advice about a possible sentence is not prejudicial because it is neutralized by a well-conducted plea colloquy between the court and defendant, it follows that *no* advice at all could not be prejudicial. Assuming Mr. Dickert failed to explain the sentencing possibilities to petitioner, this court offset the error during the change of plea hearing. Petitioner suffered no prejudice.

## IV. CONCLUSION

For the reasons discussed in the preceding section, the court finds that petitioner's claims that her attorney rendered ineffective assistance are meritless, and her motion to vacate, set aside or correct her sentence, [**Doc. 346**]**,** is DENIED. Petitioner is not entitled to an evidentiary hearing and her motion requesting such a hearing, [**Doc. 349**]**,** is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a

---

[20] Tr., Doc. 312, p.15

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). Id.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment in accordance with this Memorandum and Order will be filed.

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE